FILED
13-0961
2/12/2015 11:50:09 AM
tex-4124973
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# TEXAS CIVIL JUSTICE LEAGUE

400 West Fifteenth Street, Suite 1400
Austin, Texas 78701-1648
512.320.0474 (T)
www.tcjl.com

February 12, 2015

Supreme Court of Texas
P.O. Box 12248
Austin, Texas 78711

Re: No. 13-0961; *Occidental Chemical Corporation v. Jason Jenkins.*

**To the Honorable Members of the Texas Supreme Court:**

Pursuant to Rule 11, Texas Rules of Appellate Procedure, *amicus curiae* Texas Civil Justice League files this *amicus* letter in the above-referenced cause.

## Statement of Interest

The Texas Civil Justice League ("TCJL") is a non-profit association of Texas businesses, health care providers, professional and trade associations, and individuals dedicated to maintaining a fair and balanced civil justice system. Since its inception in 1986, TCJL has consistently striven, through legislative advocacy and participation in important matters before the Court, to achieve a fair and balanced tort liability system that provides access to judicial remedies for legitimate claims, while encouraging capital investment and job creation in this state. TCJL's membership includes numerous manufacturers and other businesses that own and make

improvements to real property, either directly or with the assistance of contractors, and that frequently sell such property to another manufacturer or business. Its membership also includes engineers and contractors that design and construct improvements to real property and that do business with the reasonable expectation that statutes of repose will operate effectively in our state. The outcome of this case is of critical importance to these businesses and to their employees. It is equally important to the jurisprudence of this state. This letter has been prepared in the ordinary course of TCJL's operations.

## Summary of Argument

The First District Court of Appeals erred in reversing the trial court's determination that the Respondent's claim was barred by Texas's ten-year statute of repose for a person who constructs or repairs an improvement to real property. If the Court of Appeals' decision is permitted to stand, it will effectively nullify the statute in cases in which any part of the construction or repair of an improvement to real property is performed by a third-party contractor hired by the property owner. Such a construction of the statute would radically and adversely alter ordinary industry practices in Texas and potentially threaten the viability of major construction projects in the state.

**Argument**

**The First Court of Appeals' refusal to apply §16.009, Civil Practice and Remedies Code, in this case is grossly erroneous and poses a serious threat to Texas's manufacturing economy.**

By virtually every measure, the Texas economy in recent years has surged well ahead of the national economy on the strength of its diverse manufacturing, technology, and energy sectors. Many national observers attribute this vitality in part to the public policy decisions made by the Texas Legislature and faithfully enforced by this Court. Indeed, in the last decade this Court has frequently been called upon to decide on the construction of legislative enactments designed to make the Texas economic climate attractive to investment and job creation, as well as to restore fairness to the adjudication of legal disputes in Texas courts. The present case is no exception.

Like most states, the Texas Legislature has enacted a ten-year statute of repose that applies to claims against persons that construct or repair improvements to real property. TEX. CIV. PRAC. & REM. CODE § 16.009. The public policy rationale for statues of repose is straightforward: to protect the state's primary economic engine—construction—from uncertain and incalculable liabilities that may occur far into the future. Without such certainty, construction projects could not be effectively or affordably

insured. Without effective and affordable insurance, construction grinds to a halt. One might reasonably ask whether the Petitioner in this case—or *any* property owner—would have made a substantial investment in plant improvements (including safety improvements) if it thought the Texas statute of repose did not apply. And until now, no case of which we are aware has ever suggested that it does not.

In its present form, §16.009 was adopted in 1985 as part of the Texas Legislative Council's *nonsubstantive* code revision project.[1] This legislation, which stretched to more than 900 pages, codified the Texas Civil Practice and Remedies Code as it appears today. The legislation was passed in both houses without opposition and on non-record votes.[2] As the Court of Appeals points out in its opinion, when §16.009 was codified, the language of the statute was slightly changed.[3] The Court of Appeals seems to attach some importance to this alteration, which it emphasizes in its attempt to distinguish this case from the Dallas Court of Appeals' decision in *McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918 (Tex.App.—Dallas, 1985, writ ref'd n.r.e.). Ultimately, the Court of Appeals appears to decide that Petitioner could not be a "constructor" of an improvement to real

---

[1]  See S.B. 797, Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.
[2] See S.B. 797, Enrolled Version, 69th Leg., R.S., 1985.
[3]  See *Jenkins v. Occidental Chemical Corporation*, 415 S.W.3d 14, 27 (Tex.App—Houston [1st Dist.]), footnote 10. The Court notices that the term "furnish" was moved from the body to the title of the statute, hardly a substantive change.

property because some of the work was "furnished" by an independent contractor.[4] If this reading of the statute were correct, it would mean that every owner of real property in this state, from a residential home to a multi-billion dollar manufacturing facility, is indefinitely liable for defects in construction or repairs the owner initiates, while the contractors who actually "hammered the nails and turned the screws" are not. This reading defies common sense: the 1985 *nonsubstantive* codification of 16.009 makes it clear that no such distinction between an owner and a "constructor" exists.

In its initial November 17, 2011 opinion in the case, the Court of Appeals makes a curious assertion that §16.009(e)(2) categorically excludes owners of real property from the statute.[5] Citing a single prior opinion (also by the First Court of Appeals), the Court states that a statute of repose is not intended "to protect owners because they have control over the realty."[6] But the statute merely says that it "does not bar an action" against a person in actual possession or control of the real property *when the injury occurred*— i.e. the current owner or lessee. The statute, however, can apply to a *former owner* of the property, one who is no longer "in possession or control" of the property when the injury occurs. As a former owner of the real property on

---

[4] From a purely factual standpoint, the Court of Appeals seems to ignore that the Petitioner itself "furnished" the construction of the piping for the pH-balancing system. See Petitioner's BOM, p. 38.

[5] See Petitioner's BOM, Tab C, at p. 18.

[6] Ibid.

which the injury occurred, Petitioner is plainly covered by the statute of repose established in §16.009.

In addition, the Court's reading reveals an irreconcilable contradiction in the Court of Appeals' reasoning. On one hand, the Court of Appeals excludes property owners from the protection of §16.009 because they have no "control" over the work of third-party contractors. On the other, the Court of Appeals excludes property owners from the statute because "they have control over the realty." The statute simply cannot be construed to have this nonsensical effect. The real inquiry under §16.009 is whether the owner, with or without the assistance of third-party contractors, constructed or repaired an improvement to real property.

The Court of Appeals appears to have recognized the absurdity of its analysis in the withdrawn opinion, since it drops the allusion to §16.009(e)(2) in its final opinion on rehearing. But rather than clarifying the error in the previous analysis, the Court compounds its mistake by adding a footnote in response to Petitioner's argument pointing out the same contradiction that TCJL asserts here.[7] In this footnote the Court claims that no contradiction exists in its reading of §16.009 because Petitioner was a "designer" of the acid addition system, a category distinct from "owner" and

---

[7] See *Jenkins v. Occidental Chemical Corporation*, 415 S.W.3d 14, 27 (Tex.App—Houston [1st Dist.]), footnote 11.

"contractor." The Court of Appeals thus deftly sidesteps its own contradictory reasoning by shifting the analysis to §16.008, a similar statute of repose for architects, engineers, interior designers, and landscape architects. The end result is a contorted reading of the two statutes that splits the "owner" into three "distinct" identities or "roles." This interpretation makes no more sense than the Court's reading of §16.009 to exclude owners. The Court appears to recognize *this* problem in the next footnote, when it denies implying that a property owner can never be a "constructor," as long as it "personally performs construction work" or "when it has general contractor-like involvement in the project."[8] Deeper into a morass of contradictory reasoning we go. The Court of Appeals' opinion converts a simple and straightforward statutory limitations provision into a maze of legal fictions, false boundaries, meaningless categories, and utter confusion.

Whereas many of the rulings this Court has to make involve highly contested legislative pronouncements that balance competing interests, such is not the case here. Until now, a high degree of consensus has existed on this question, a consensus long shared by the Texas Legislature and the many interests that seek to influence its policy decisions in the civil justice arena. We see no compelling public policy justification for disturbing the

---

[8] Ibid., footnote 12.

consensus in this particular case and creating a serious rupture in well settled Texas law.

The Court of Appeals appears to have based its decision on a false and contradictory premise: that the performance of construction by a third-party contractor nullifies the statute of repose. If this interpretation of the statute is correct, then the common business practice of contracting with qualified third-party contractors for major industrial construction requiring the investment of tens or hundreds of millions of dollars will change radically. Businesses seeking to make capital investments in real property improvements and repairs will be faced with doing everything in-house or risking liability for such projects forever. Not only will the Court of Appeals decision dramatically affect the cost of insuring construction projects, it will damage the health and vibrancy of the construction industry as a whole, at a time when Texas' economic growth is heavily dependent on that very industry. Such a result makes no sense under any reasonable understanding of the language or policy objectives of 16.009 and must be corrected.

There is no question that Texas' enduring economic strength depends fundamentally on the ability of Texas businesses to rely on clear and unambiguous limitations periods. TCJL has long maintained that this economic success story has been a steady and long-term improvement in the

civil justice system. Such improvement is anchored both in judicious and carefully considered legislative policy choices and in this Court's consistent and beneficial judicial restraint with respect to expanding tort liability by *fiat*. The statute of repose at issue in this case is only one of these important policy choices, but the certainty it imparts is particularly vital to the stability of the whole tort liability system.

### Conclusion and Prayer

TCJL respectfully requests this Court to grant review in this cause, reverse the Court of Appeals' decision, and reinstate the trial court's order.

Respectfully submitted,

*/s/ George S. Christian*
GEORGE S. CHRISTIAN
State Bar No. 04227300
400 West 15th Street, Suite 400
Austin, Texas 78701
512.791.1429
george@thechristianco.com
**ATTORNEY FOR *AMICUS CURIAE* TEXAS CIVIL JUSTICE LEAGUE**

### CERTIFICATE OF COMPLIANCE

I certify that this document contains 1,675 words in the portions of the document that are subject to the word limits of Texas Rule of Appellate Procedure 9.4(i), as measured by the undersigned's word-processing software.

*/s/ George S. Christian*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *amicus* letter has been served by electronic mail to all attorneys of record as listed below on August 19, 2013.

**Counsel for Petitioner**
**Occidental Chemical Corp.:**       DEBORAH G. HANKINSON
State Bar No. 00000020
dhankinson@hankinsonlaw.com
JOSEPH B. MORRIS
State Bar No. 14489700
jmorris@hankinsonlaw.com
RICK THOMPSON
State Bar No. 00788537
rthompson@hankinsonlaw.com
HANKINSON LLP
Texas 75201 214.754.9190
214.754.9140 (fax)


BARRY N. BECK
State Bar No. 02004000
bbeck@cbtd.com
DAVID W. LAURITZEN
State Bar No. 00796934
dlauritzen@cbtd.com
RICK G. STRANGE
State Bar No. 19355700
rstrange@cbtd.com
COTTON BLEDSOE TIGHE &
DAWSON, P.C.
500 West Illinois, Suite 300
Midland, Texas 79701

432.685.8553
432.684.3124 (fax)

**Counsel for Respondent
Jason Jenkins:**

Russell S. Post
rpost@brsfirm.com
BECK REDDEN LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Kurt B. Arnold
karnold@arnolditkin.com
Cory D. Itkin
citkin@arnolditkin.com
ARNOLD & ITKIN, LLC
1401 McKinney Street, Suite 2550
Houston, Texas 77010

*/s/ George S. Christian*
George S. Christian